FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97 SEP -2 PM 2:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

ARTHUR ROSS, )
          Plaintiff; )
          ) No. CV-95-P-2380-S
-vs.- )
          )
RHODES FURNITURE, INC. d/b/a )
MARKS FITZGERALD, )
          Defendant. )

ENTERED
SEP 0 2 1997

## OPINION

The Defendant's Motion for Judgment as a Matter of Law was considered at a prior motion docket. For the following reasons, this motion is due to be GRANTED.

### Facts[1]

On January 5, 1994 Plaintiff Arthur Ross ("Ross") was terminated from his job as Delivery Manager at the Defendant's Birmingham furniture warehouse and replaced by a white male. On September 14, 1995, Ross filed this suit under Title VII and 42 U.S.C. § 1981 alleging that he had been discriminated against on the basis of his race with regard to his discharge, discipline and other terms and conditions of his employment. In June of 1997 this case was heard by a jury who awarded Ross $37,341.85 in back pay.

After the trial, the Defendant ("Ross") filed a Motion For Judgment As A Matter Of Law

---

1. For the purposes of this Motion to Dismiss the factual allegations of the plaintiff's complaint are accepted as true. *South Florida Water Mgmt. District v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996).

And, Alternatively, Motion For A New Trial pursuant to Rule 50 of the Federal Rules of Civil Procedure.

Analysis

The court will only grant a defendant's Motion for Judgment as a Matter of Law if, viewing all the evidence in the light most favorable to the plaintiff, the court concludes that the plaintiff has not offered substantial evidence to allow a reasonable jury to reach the conclusion expressed in its verdict.

In a disparate treatment case such as this, the plaintiff must prove by a preponderance of evidence that the defendant acted with an intentionally discriminatory motive. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993). Once the plaintiff establishes the elements of a prima facie case for disparate treatment, an initial presumption of discrimination arises. Since Ross has established his prima facie case -- that he is a member of a protected class, that he was qualified for the position at issue, that he was fired, and that he was replaced by someone outside the protected class -- a presumption of racial discrimination by Rhodes was established. *Turnes v. AmSouth Bank*, 36 F.3d 1057, 1060 (11th Cir. 1994). Once this presumption is established, an intermediate burden of production falls on the defendant to articulate a legitimate, non-discriminatory reason for the plaintiff's discharge. *Id.; McDonnell Douglas,* 411 U.S. 792 (1973). The Defendant met this burden of production by asserting that they fired the Plaintiff pursuant to the companies' policy against soliciting tips. Since the Defendant met its intermediate burden, the Plaintiff was required to establish that this proffered reason was mere pretext for race based discrimination.

2

Viewing all of the evidence in the record in the light most favorable to the Plaintiff, the court concludes that the Plaintiff failed to offer substantial evidence sufficient to enable reasonable jurors to infer that the Defendant's stated non-discriminatory reason for discharging the Plaintiff was pretext for discrimination in violation of Title VII and 42 U.S.C. § 1981. The allegation of two isolated general racial remarks made several years before the plaintiff's termination, the discretionary nature of the sanctions for violating the policy against soliciting tips, the treatment of differently situated white employees for the violation of different rules, and the characterization of the Plaintiff's infraction at trial do not constitute evidence from which a reasonable juror could conclude that the Defendant's stated reason for termination was mere pretext for racial discrimination.

## CONCLUSION

Viewing the evidence in the light most favorable to the Plaintiff and drawing all reasonable inferences in favor of the Plaintiff, the court concludes that the Plaintiff has not cast sufficient doubt in the Defendant's proffered nondiscriminatory reason for terminating the Plaintiff to permit a reasonable juror to conclude that the Defendant's stated reason was not what actually motivated the Defendant. Therefore the Defendant's Motion for Judgment as a Matter of Law is due to be GRANTED and the alternative motion for a new trial is MOOT.

Dated: September 2, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
    Donald B. Harden, Esq.
    Kenneth J. Barr, Esq.
    Gary E. Thomas, Esq.
    Edwin O. Rogers, Esq.
    Rocco Calamusa, Esq.
    C. Michael Quinn, Esq.